**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JULIA PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-557-BAJ-RLB** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1)(C), you have **14 days** from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 3, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIA PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-557-BAJ-RLB** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Julia Parker ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for income and disability insurance benefits "pursuant to [§] 216(i), [§] 223 and all other applicable sections of the Social Security Act, Title 42, United States Code." (Pl.'s Compl., R. Doc. 1 at 2). [1] For the reasons assigned below, the Court recommends the decision of the Commissioner be **VACATED** and the case **REMANDED** for further administrative proceedings consistent with this Report and Recommendation.

**I.    PROCEDURAL HISTORY**

On October 29, 2008, Plaintiff filed applications for supplemental security income (Tr. 104-106) and disability insurance (107-113) benefits alleging a disability onset date of April 24, 2006 (Tr. 123). Plaintiff's applications were initially denied (Tr. 64-71) on April 22, 2009

---

[1] References to documents filed in this case are designated by "(R. Doc. [docket entry number(s)] at [page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(Tr. [page number(s)])".

1

because the Commissioner found Plaintiff was not disabled as of "September 1, 2009 because of hypertension, injured right hand, problem [sic] right leg and back." (Tr. 64). Plaintiff filed a timely request for a hearing (Tr. 72-73) before an Administrative Law Judge ("ALJ") on June 18, 2009 and subsequently obtained counsel on September 15, 2009 (Tr. 74). While Plaintiff's appeal of her initial denial was pending, Plaintiff's counsel sent a letter amending Plaintiff's proposed onset date of September 1, 2006 to April 24, 2006. (Tr. 123). The letter also clarified (Tr. 123) that Plaintiff's alleged disabling impairments included: "degenerative joint disease of the cervical and lumbrosacral spines, pain in the right leg, depression and anxiety, and impaired mental acuity." (Tr. 124). A prehearing memorandum further specified "mental retardation" as an impairment. (Tr. 180).

A hearing was eventually held on June 11, 2010 at which Plaintiff, represented by counsel, appeared and testified. (Tr. 40-61). A vocational expert ("VE"), Thomas Mungall, also testified at the hearing. (Tr. 48). An unfavorable decision was rendered by the Commissioner, through the Administrative Law Judge ("ALJ"), on July 23, 2010 (Tr. 17-25), finding that Plaintiff had not been under a disability from the alleged onset date of September 1, 2006 through the date of the decision. Plaintiff's request for review was denied by the Appeals Council on August 2, 2011. (Tr. 16-18). The ALJ's decision rested as the final decision when the Appeals Council denied the claimant's request for review. *See* 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). The ALJ's final decision is now ripe for review under 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)).  The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted).  Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

### III.     ALJ'S DETERMINATION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude the claimant is disabled if he proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work. 20 C.F.R §

4

404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

In the ALJ's decision, the ALJ first found that Plaintiff met the insured status requirements of the Act and that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of September 1, 2006. (Tr. 29). At the second step, the ALJ found that Plaintiff had the following medical impairments: back pain, right hand injury, hypertension and right leg and knee pain. (Tr. 29). The ALJ concluded that Plaintiff did not have "an impairment or combinations of impairments that has significantly limited . . . the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." (Tr. 29). Because he determined Plaintiff's impairments were not severe, the ALJ did not consider the remaining steps of the analysis and his Decision terminated after step two. (Tr. 29-34). The ALJ ultimately concluded Plaintiff was not disabled under §§ 216(i), 223(d) and § 1614(a)(3)(A) of the Social Security Act. (Tr. 34).

### IV. PLAINTIFF'S ALLEGATIONS OF ERROR AND THE COMMISIONER'S RESPONSES

Plaintiff alleges that the ALJ was in error (R. Doc. 9). Plaintiff argues the ALJ's step 2 determination is not based on substantial evidence. Specifically, Plaintiff alleges the ALJ ignored the opinions of Plaintiff's treating physicians when assessing her physical impairments. Moreover, Plaintiff argues that her mental impairments, in particular her intellectual functioning, is sufficiently disabling to meet Listings 12.05B and C of the listed impairments contained in the regulations. Plaintiff's final argument is that a finding of disability is directed under the Medical Vocational Guidelines.

The Commissioner responds that the ALJ appropriately applied *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) to determine Plaintiff's impairments were not severe at step two. The ALJ, according to the Commissioner, appropriately considered the record evidence when he found Plaintiff's allegations of pain and limitations resulting from her physical impairments were not credible.

## V.   DISCUSSION

### A.   ALJ's Step 2 finding was not supported by substantial evidence.

At step 2 of the sequential evaluation process the Commissioner must determine whether the claimant's "impairment or combination of impairments" is severe.  According to the regulations, if the claimant does "not have any impairment or combination of impairments which significantly limits" his or her "physical or mental ability to do basic work activities," the Commissioner "will find" the claimant does "not have a severe impairment and [is], therefore, not disabled." 20 C.F.R. §§ 404.1520(c), 416.920(c).  Basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 416.921(b)(1)-(6).

Despite the Regulation's more stringent language, the Fifth Circuit and others have clarified: "An impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985); *see also Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th

Cir. 1992) (step 2 only requires a "*de minimis* showing"); *Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987) ("only those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits without undertaking the subsequent steps of the sequential evaluation process.") (quoting *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987)); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("the severity requirement may still be employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint"). "[B]ecause step two is to be rarely utilized as basis for the denial of benefits, its invocation is certain to raise a judicial eyebrow." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) (citing SSR 85–28, 1995 WL 56856, at *4 (Jan. 1, 1985) ("Great care should be exercised in applying the not severe impairment concept.")).

"The severity determination is based solely on medical factors." *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007). The claimant's "age, education, and work experience" cannot be considered. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ reviewed the medical evidence and gave "significant weight" to the medical opinions of examining psychologists, Dr. Fred Tuton and Dr. Alan Taylor, "because they are consistent with the overall medical evidence of record." (Tr. 34, 219-23, 224-29).

Dr. Tuton examined Plaintiff on December 12, 2008. (Tr. 219-223). Dr. Tuton observed that Plaintiff "demonstrated illogical thought processes . . . due to her poor planning and problem solving," and she "was not able to maintain concentration and persistence during" the evaluation. (Tr. 221). Based on Plaintiff's "vocabulary and verbal usage" Dr. Tuton "estimate[d] an intellectual functioning within the Borderline range." (Tr. 221). Although Dr. Tuton observed that Plaintiff's evaluation suggests she is capable of doing more "things than she said," his ultimate evaluation resulted in a finding that: "Client appears to have a moderate impairment

7

from a psychological standpoint in regards to her physical functioning, social abilities and adaption." (Tr. 222).

Dr. Alan Taylor examined Plaintiff on March 17, 2009. (Tr. 224-229). Dr. Taylor administered Wechsler Adult Intelligence Scale (WAIS-IV) IQ test to Plaintiff which resulted in a full scale IQ of 57, a verbal comprehension index of 58, a perceptual reasoning index of 75, a working memory index of 66 and a processing speed index of 50. (Tr. 226).[2] These results placed "her overall intellectual performance in the bottom of the mild range." (Tr. 226). Dr. Taylor qualified her findings by explaining Plaintiff exerted "suboptimal effort" during the evaluation. (Tr. 226). Although Dr. Taylor felt Plaintiff's intellectual functioning may be above the lower end of the mild range, he still opined "that her intellectual functioning may actually fall within the borderline range . . . or within the upper limits of mild mental retardation." (Tr. 227). Dr. Taylor then diagnosed Plaintiff with Factitious Disorder NOS, Borderline Intellectual Functioning and a Global Assessment Functioning score of zero. (Tr. 227-28). According to the report, Dr. Taylor found "Ms. Parker would be able to perform tasks in a sedentary employment position and may benefit from a referral to Louisiana Rehabilitation Services." (Tr. 227).

After reviewing the reports of Drs. Taylor and Tuton, the Court finds the ALJ's determination at step two is not supported by substantial evidence. First, the ALJ gives Dr. Taylor and Dr. Tuton, both psychologists, controlling weight and briefly discusses their mental diagnoses. Nonetheless, he fully relies on these psychologists' opinions to determine that Plaintiff's *physical* impairments are not severe. The ALJ makes no mention of the record

---

[2] These scores are consistent with Plaintiff's IQ scores achieved in 1970, which were before the ALJ but not mentioned in his decision. (Tr. 198) ("Full Scale IQ of 57 and a Verbal score of 65 and a Performance score of 57"). Plaintiff also presented to the Appeals Council a psychological examination conducted by Dr. Lester Culver in June of 2012. (Tr. 10-14). Dr. Culver determined that Plaintiff had a full scale IQ of 55, a verbal IQ of 54, a perceptual reasoning IQ of 67 and a processing IQ of 65. (Tr. 14). The Court also notes that these scores, if deemed valid, fall within the requirements of Listing 12.05B.

evidence from Plaintiff's treating physicians, Dr. Ronnie Mathews and Dr. David McGraw, who treated Plaintiff's hand injury and other physical impairments. (Tr. 252-55, 269-79, 285-99, 308-09). The Regulations provide that the Administration "will always give good reasons in the notice of determination or decision for the weight it gives the claimant's treating source's opinion." *Giles v. Astrue*, 433 F. App'x 241, 247 (5th Cir. 2011) (quoting 20 C.F.R. § 404.1527(c)(2)). That was not done here.

The ALJ also incorrectly states that Plaintiff has only alleged disability based on physical impairments. (Tr. 31). And so, the ALJ's opinion only finds Plaintiff has non-severe physical impairments, without considering whether she has any mental impairments that may be considered severe. (Tr. 29).[3] Contrary to the ALJ's opinion, Plaintiff's attorney clarified her alleged impairments included depression, anxiety, mental acuity and mental retardation (Tr. 180, 254) prior to the ALJ hearing and the ALJ was consistently presented with medical evidence of Plaintiff's alleged mental impairments (Tr. 196-200, 219-229). Despite mentioning the mental health issues cited by Drs. Tuton and Taylor, it appears the ALJ failed to consider Plaintiff's impairments, both physical and mental, in combination at step 2, as required by the regulations. *See Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir. 1984) (remanding to Commissioner where ALJ failed to consider "the combined effect" of claimant's impairments at step 2); 20 C.F.R. § 404.1522(b) (ALJ must consider combined effects of impairments at step 2).

Most importantly, the ALJ's step 2 finding is not supported by substantial evidence because it is inconsistent with the two medical opinions he adopted. Both Dr. Taylor and Dr. Tuton found Plaintiff was somehow limited in her ability to perform basic work activities. Dr. Tuton found Plaintiff had a "moderate impairment from a psychological standpoint in regards to

---

[3] The ALJ's decision briefly discusses Plaintiff's mental impairments and psychological testing was ordered by the Administration. Nonetheless, the ALJ appears to be operating under the assumption that Plaintiff has only alleged disabling physical impairments.

9

her physical functioning, social abilities and adaption." (Tr. 222). The Commissioner's Regulations explain that when evaluating a mental impairment at step 2, a finding of non-severe is only warranted where a claimant's limitations in activities of daily living; social functioning; or concentration, persistence or pace, are mild to none. 20 C.F.R. § 404.1520a(d)(1). Here, Dr. Tuton found Plaintiff had more than mild limitations in these areas. The ALJ did not mention this Regulation or consider the effect of Dr. Tuton's opinion regarding Plaintiff's "moderate" limitations.

    Dr. Taylor found that Plaintiff would be limited to sedentary work. (Tr. 34, 227). Where a claimant's impairments limit their ability to perform work at a certain level of exertion, courts have recognized that the *de minimis* burden required at step 2 is met. *See, e.g.*, *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1107 (C.D. Cal. 2008) ("When, a claimant's impairments limit her to medium work activity, such impairments are by definition 'severe' since they have more than a minimal impact on the claimant's ability to lift, which is a basic work activity."); *Hughes v. Barnhart*, 206 F. Supp. 2d 771, 781 (W.D. Va. 2002) (ALJ erred in deying claim at step 2 where claimant had a "physical impairment restricting her to the performance of no more than medium work" and three doctors found her "physical work-related abilities were limited"); *Pickering v. Chater*, 951 F. Supp. 418, 424 (S.D.N.Y. 1996) (claimant's 20 pound lifting restriction "amounts to a step 2 finding that Pickering suffers from a severe physical impairment that significantly limits her ability to perform basic work activities"); *Camacho v. Apfel*, No. 1998 WL 813409, at *7 (E.D.N.Y. July 22, 1998) ("Dr. Graham stated that plaintiff might have problems with lifting due to back pain. Since lifting is itself a basic work activity, a limitation in that regard requires a finding of a severe impairment.") (citation omitted).

The Court finds the ALJ's step 2 determination is not supported by substantial evidence considering the evidence he relied upon and the *de minimis* burden required at step 2.  This is not to say that Plaintiff's impairment(s) are sufficiently disabling to award benefits.  Rather, the Court's acknowledges that the ALJ's "observations" regarding claimant's credibility and the weight assigned to certain physicians' opinions "may or may not be relevant in later steps of the sequential analysis . . . but they certainly do not carry the day at step two." *McCrea*, 370 F.3d at 362 (recognizing the evidence may not establish disability but it certainly met the threshold requirements of severity; ALJ's termination of disability inquiry at step 2 was not supported by substantial evidence).  Therefore, the ALJ erred in terminating his analysis at step two.

## VI.   CONCLUSION

For the reasons given above, the Court **RECOMMENDS** the Commissioner's decision be **VACATED** and the case **REMANDED** for further administrative proceedings consistent with this Report and Recommendation.

Signed in Baton Rouge, Louisiana, on February 3, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**